

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 3 2026

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

KAI THORUP,
THE HALCYON HOUSE LLC,
and OBSIDIAN NINE LLC,
Plaintiffs,

v.

CITY OF COLLEGE PARK,
BIANCA MOTLEY BROOM,
JAMELLE E. McKENZIE,
RODERICK GAY,
TRACIE ARNOLD, and
JOSEPH CARN a/k/a JOE CARN,
Defendants.

**Civil Action No.
1:25-cv-07429-TWT**

## MEMORANDUM OF LAW IN SUPPORT OF RYAN KELLY'S MOTION

## TO INTERVENE

Ryan Kelly submits this memorandum in support of the accompanying

motion to intervene under Federal Rule of Civil Procedure 24(a)(2) and,

alternatively, Rule 24(b)(1)(B).

### I. BACKGROUND

1

The existing action challenges the City of College Park's efforts to stop the use of 2041 English Lane as sober-living housing for persons recovering from substance-use disorders.

The uploaded lease documents show that, on or about September 30, 2025, the owner-side landlord interest leased 2041 English Lane to Obsidian Nine, LLC for a term running from October 1, 2025 bound to tenant option yearly renewal through September 30, 2028 at monthly rent of $5,000.00, with Kai Thorup personally guaranteeing payment of money due under the lease.

The same lease paperwork expressly contemplated operation of the premises as a sober-living and transitional-housing residence, subject to applicable law and recognized sober-living standards.

On October 15, 2025, the City issued a written zoning-violation notice directing the intended sober-living use to immediately cease and desist, asserting the use was not eligible for zoning approval in any form, and threatening fines of up to $1,000.00 per day.

The City later denied the reasonable-accommodation request relating to 2041 English Lane and, in a January 2, 2026 follow-up letter, reiterated that the prior denial remained in full force and effect.

Ryan Kelly alleges that these same acts disrupted the owner-side lease arrangement, prevented the contemplated use of the property, and caused distinct

damages including lost and unpaid rent, carrying costs, and other property-related economic harm.

## II. LEGAL STANDARD

Rule 24(a)(2) requires intervention of right on a timely motion by a person who claims an interest relating to the property or transaction that is the subject of the action, is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, and whose interest is not adequately represented by existing parties.

Rule 24(c) further requires the motion to state the grounds for intervention and to be accompanied by a pleading setting out the claim or defense for which intervention is sought.

Alternatively, Rule 24(b)(1)(B) permits intervention by a timely movant who has a claim or defense that shares a common question of law or fact with the main action, so long as intervention will not unduly delay or prejudice adjudication of the original parties' rights.

## III. ARGUMENT

A. The motion is timely.

The case remains at an early stage. Public docket information available as of April 15, 2026 reflected a recently filed amended complaint and no merits rulings.

Intervention at this stage will not disrupt a developed discovery schedule or trial setting. The motion is therefore timely under Rule 24.

B. The proposed intervenor has a direct, substantial interest relating to the property and transactions already at issue.

The subject matter of the existing case is the City's effort to stop the use of 2041 English Lane. Ryan Kelly claims the owner-side property and lease interest in that same address. The challenged municipal actions allegedly destroyed or impaired the value of the lease that was to be performed at the property. That is a textbook property- and transaction-related interest for purposes of Rule 24(a)(2).

C. Disposition of the existing case may impair the proposed intervenor's ability to protect that interest.

If this action proceeds without Ryan Kelly, important factual and legal determinations about why the City acted, whether the property could lawfully be used as proposed, and whether the municipal defendants caused the shutdown of the contemplated housing operation may be made without the owner-side damages claim being before the Court. As a practical matter, that can impair the proposed intervenor's ability to protect the full value of the owner-side interest.

D. The existing parties do not adequately represent the proposed intervenor's distinct owner-side damages claim.

The current plaintiffs are operators and intended providers of sober-living housing. Their damages theories focus on operational losses, disability-rights injuries, and accommodation denials. Ryan Kelly seeks recovery for owner-specific injuries, including lost and unpaid rent and interference with the beneficial use of the property. Even though the claims arise from the same events, the owner-side damages theory is not identical to the plaintiffs' interests and is not adequately represented by them.

E. At minimum, permissive intervention is appropriate.

Even if the Court were to conclude that intervention of right is not required, permissive intervention is warranted because Ryan Kelly's proposed claims share common questions of law and fact with the existing action: what the City knew, why it acted, what it ordered, whether its actions were discriminatory or arbitrary, and what damages followed from those actions. Allowing intervention will promote efficient resolution of overlapping issues in one case and will not unduly delay or prejudice the existing parties.

## IV. CONCLUSION

For these reasons, Ryan Kelly respectfully requests that the Court grant the motion to intervene and permit the filing of the attached complaint in intervention.

Respectfully submitted this _22_ day of _April_, 2026.

5

/s/ Ryan Kelly

Ryan Kelly

1739 Saulter Rd.

Homewood, AL 35209

sigokelly@gmail.com

334-328-8419

Proposed Intervenor, pro se