

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 3 2026

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk
Matthew H

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

KAI THORUP,
THE HALCYON HOUSE LLC,
and OBSIDIAN NINE LLC,
Plaintiffs,

v.

CITY OF COLLEGE PARK,
BIANCA MOTLEY BROOM,
JAMELLE E. McKENZIE,
RODERICK GAY,
TRACIE ARNOLD, and
JOSEPH CARN a/k/a JOE CARN,
Defendants.

Civil Action No.
1:25-cv-07429-TWT

## DECLARATION OF RYAN KELLY IN SUPPORT OF RYAN KELLY'S

## MOTION TO INTERVENE

I, Ryan Kelly, declare under penalty of perjury under 28 U.S.C. § 1746 that

the following is true and correct:

1. I am the owner of the real property located at 2041 English Lane, College Park,

Georgia 30337, and the owner and/or controlling member of 2041 English Lane,

LLC, the landlord under the written lease for that property. I make this declaration

1

based on my personal knowledge and my review of the attached records kept in the ordinary course of business.

2. On or about September 30, 2025, 2041 English Lane, LLC entered into a written residential rental agreement with Obsidian Nine, LLC, by Kai Thorup as manager, for a lease term running from October 1, 2025, with 2041 English Lane bound to two yearly renewals at Obsidian Nine's option, through September 30, 2028.

3. The lease set monthly rent at $5,000.00, payable in advance on or before the first day of each month. The lease and attached guaranty also state that Kai Thorup personally guaranteed payment of rent and other money due under the lease.

4. The lease and addenda contemplated use of the property as a sober living and transitional housing residence, subject to applicable law and recognized sober-living standards.

5. On October 15, 2025, the City of College Park, through the Office of the City Planner, issued a written notice stating that the property was being used as a sober living facility, group home, or halfway house, declaring that use not eligible for zoning approval in any form, directing the occupants to immediately cease and desist, and threatening civil penalties of up to $1,000.00 per day.

6. After the City issued the cease-and-desist notice and later denied the requested reasonable accommodation, the intended sober-living operation at 2041 English Lane was disrupted and prevented from operating as planned.

2

7. As a result of the City's actions, I and 2041 English Lane, LLC suffered economic loss, including lost and unpaid rent, carrying costs, delay damages, and other owner-specific losses tied to the use of the property.

8. The existing plaintiffs do not represent my distinct owner-side interest in recovering lost rent and property-related damages. I seek to intervene so those interests can be adjudicated in the same case arising from the same nucleus of facts.

9. Attached exhibits are true and correct copies of the following records: Exhibit A, the lease and guaranty; Exhibit B, the October 15, 2025 zoning-violation notice; Exhibit C, the December 17, 2025 denial letter; and Exhibit D, the January 2, 2026 follow-up letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of April, 2026.

/s/ Ryan Kelly

Ryan Kelly

1739 Saulter Rd.

Homewood, AL 35209

sigokelly@gmail.com

334-328-8419

Proposed Intervenor, pro se