FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 3 2026

KEVIN P WEIMER, Clerk
By:
Matthew H          Deputy Clerk



# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

KAI THORUP,
THE HALCYON HOUSE LLC,
and OBSIDIAN NINE LLC,
Plaintiffs,

v.

CITY OF COLLEGE PARK,
BIANCA MOTLEY BROOM,
JAMELLE E. McKENZIE,
RODERICK GAY,
TRACIE ARNOLD, and
JOSEPH CARN a/k/a JOE CARN,
Defendants.

Civil Action No.
1:25-cv-07429-TWT

## PROPOSED COMPLAINT IN INTERVENTION OF RYAN KELLY

Proposed Intervenor-Plaintiff Ryan Kelly files this Complaint in

Intervention against Defendants City of College Park, Bianca Motley Broom,

Jamelle E. McKenzie, Roderick Gay, Tracie Arnold, and Joseph Carn a/k/a Joe

Carn and shows the Court as follows:

## PARTIES

1

1. Ryan Kelly is an individual and the owner of the real property located at 2041 English Lane, College Park, Georgia 30337. He is also the owner and/or controlling member of 2041 English Lane, LLC, the landlord identified in the written lease for the property.

2. Defendant City of College Park is a municipality within Fulton County, Georgia.

3. Defendant Bianca Motley Broom is the Mayor of the City of College Park and is sued in her individual and official capacities.

4. Defendant Jamelle E. McKenzie is the Mayor Pro Tem and Ward One Councilmember of the City of College Park and is sued in her individual and official capacities.

5. Defendant Roderick Gay is a Councilmember of the City of College Park and is sued in his individual and official capacities.

6. Defendant Tracie Arnold is a Councilmember of the City of College Park and is sued in her individual and official capacities.

7. Defendant Joseph Carn a/k/a Joe Carn is a Councilmember of the City of College Park and is sued in his individual and official capacities.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this complaint asserts claims under the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over all related issues necessary to award full relief for owner-side damages arising from the same operative facts already at issue in this action.

3. Venue is proper in this District because the property, the challenged municipal conduct, and the principal events giving rise to the claims occurred in Fulton County, Georgia.

## GENERAL ALLEGATIONS

1. On or about September 30, 2025, the owner-side landlord interest for 2041 English Lane entered into a written residential rental agreement with Obsidian Nine, LLC for the property at 2041 English Lane, College Park, Georgia 30337.

2. The lease term ran from October 1, 2025 bound to tenant option for yearly renewal through September 30, 2028 and set monthly rent at $5,000.00, payable in advance on or before the first day of each month.

3. The lease papers also included a personal guaranty signed by Kai Thorup guaranteeing payment of rent and other money due under the lease.

4. The lease and addenda expressly contemplated operation of the premises as a sober-living and transitional-housing residence, subject to applicable law and recognized sober-living standards.

5. The property at 2041 English Lane is the same property that is the subject of the existing plaintiffs' Fair Housing Act and constitutional claims in this action.

6. According to the existing complaint, the owner of 2041 English Lane notified neighbors of the intended sober-house use on or about September 30, 2025, and neighbors immediately opposed the plan and sought municipal help to stop it.

7. According to the existing complaint, City officials and code-enforcement personnel then repeatedly surveilled, investigated, and targeted 2041 English Lane after neighbor complaints were elevated to City leadership.

8. On October 15, 2025, the City issued a written notice of zoning violations stating that the property was being used as a sober living facility, group home, or halfway house, that the use was not permitted in the R-2 district, that the use was not eligible for zoning approval in any form, and that the recipients were directed to immediately cease and desist.

9. That same notice threatened civil penalties of up to $1,000.00 per day if the asserted violation continued.

10. The existing complaint further alleges that the City refused to withdraw the October 15, 2025 cease-and-desist notice and that the City later denied the requested reasonable accommodation relating to 2041 English Lane.

11. A written denial letter dated December 17, 2025 memorialized the City's refusal to grant the requested accommodation for 2041 English Lane.

12. A follow-up letter dated January 2, 2026 stated that the City's prior denial remained in full force and effect and that any occupancy or operation beyond what the City believed was allowed in the R-2 district remained subject to enforcement.

13. As a direct and proximate result of Defendants' conduct, Ryan Kelly lost the benefit of the lease bargain for 2041 English Lane, including rent and related economic value tied to the contemplated use of the property.

14. On information and belief, after Defendants' cease-and-desist and denials shut down or prevented the planned operation, rent due under the lease was not fully paid and the owner-side landlord interest suffered additional carrying costs, delay damages, and loss of use.

15. Ryan Kelly is an aggrieved person within the meaning of the Fair Housing Act because Defendants' challenged conduct injured he through the loss of a lease arrangement and the loss of housing-related opportunities associated with persons with disabilities who were to occupy the property.

## COUNT I - FAIR HOUSING ACT, 42 U.S.C. §§ 3601-3619

1. The preceding paragraphs are incorporated by reference.

2. The Fair Housing Act prohibits making housing unavailable because of disability, discriminating in the terms or conditions of housing because of disability, refusing reasonable accommodations necessary to afford equal housing

opportunity, and coercing, intimidating, threatening, or interfering with the exercise of rights protected by the Act.

3. Defendants' actions aimed at stopping the sober-living use at 2041 English Lane were directed at housing intended for persons recovering from substance-use disorders, whom the existing plaintiffs allege are persons with disabilities protected by federal law.

4. By targeting the intended use of 2041 English Lane and causing the owner-side lease arrangement to fail or lose value, Defendants injured Ryan Kelly as a person associated with the disabled prospective occupants and as a landlord whose housing opportunity was directly frustrated by the challenged discrimination.

5. As a result, Ryan Kelly has suffered actual damages, including lost and unpaid rent, loss of contract value, carrying costs, and other consequential economic harm in an amount to be proven at trial.

**COUNT II - 42 U.S.C. § 1983 (PROPERTY AND CONTRACT INTERESTS)**

1. The preceding paragraphs are incorporated by reference.

2. At all relevant times, Defendants acted under color of state law.

3. Defendants targeted the use of 2041 English Lane through extraordinary surveillance, cease-and-desist directives, and denial of accommodation requests tied to the same property and transaction at issue in the existing case.

4. Defendants' conduct arbitrarily and irrationally interfered with Ryan Kelly's property and contract-related interests in 2041 English Lane and caused owner-side economic injury, including lost and unpaid rent.

5. The challenged conduct was taken in response to neighborhood pressure and without adequate regard for federal protections alleged by the existing plaintiffs, and it deprived the proposed intervenor of lawful use and value of the property without due process and equal protection of the laws.

6. As a direct and proximate result, Ryan Kelly suffered compensatory damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

1. Permit intervention in this action and direct that this complaint in intervention be filed;

2. Enter judgment in favor of the proposed intervenor on the claims asserted herein;

3. Award compensatory damages including lost and unpaid rent, loss of contract value, carrying costs, delay damages, and all other owner-side losses proven at trial;

4. Award costs, expenses, and attorneys' fees where authorized by law;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 22 day of April , 2026.


/s/ Ryan Kelly

Ryan Kelly

1739 Saulter Rd.

Homewood, AL 35209

sigokelly@gmail.com

334-328-8419

Proposed Intervenor, pro se