

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 0 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KAI THORUP, THE HALCYON HOUSE LLC, )
and OBSIDIAN NINE LLC, )
                    )

    Plaintiffs, )
                    )

v. )    Civil Action No.
                    ) 1:25-cv-07429-TWT

CITY OF COLLEGE PARK, BIANCA MOTLEY )
BROOM, JAMELLE E. McKENZIE, )
RODERICK GAY, TRACIE ARNOLD, )
and JOSEPH CARN a/k/a JOE CARN, )
                    )

    Defendants. )

---

**PROPOSED INTERVENOR RYAN KELLY'S NOTICE OF LACK OF SERVICE AND MOTION TO DEEM REPLY TIMELY FILED OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE REPLY**

COMES NOW Proposed Intervenor Ryan Kelly, proceeding pro se, and respectfully files this Notice of Lack of Service and Motion to Deem Reply Timely Filed or, in the Alternative, for Extension of Time to File Reply. This motion concerns City Defendants' Response in Opposition to Proposed Intervenor Ryan Kelly's Motion to Intervene, filed as Document 27 on May 8, 2026.

1

## I. RELEVANT FACTS

1. Kelly filed a Motion to Intervene in this action as a proposed intervenor and is proceeding pro se.

2. City Defendants filed their Response in Opposition to the Motion to Intervene on May 8, 2026.

3. The Certificate of Service attached to City Defendants' Response states that the filing was made through the CM/ECF system, which would automatically send e-mail notification to counsel of record.

4. Kelly is not counsel of record and is not a registered ECF participant for purposes of receiving automatic electronic service. Kelly did not receive service of City Defendants' Response by U.S. Mail, statutory overnight delivery, email, hand delivery, or any other method.

5. Kelly learned of the filing only by other means and has acted promptly to prepare and submit his Reply in Support of Motion to Intervene.

## II. LEGAL BASIS

Northern District of Georgia Local Rule 7.1(C) provides that, when a movant files a reply, the reply must be served not later than fourteen days after service of the responsive pleading. The deadline therefore runs from service, not merely from the date a document appears on the docket.

Northern District of Georgia Local Rule 5.1(A)(3) provides that filing in ECF constitutes service only on registered users, and that parties who are not registered users must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Appendix H to the Local Rules likewise provides that a party who is not a registered participant of ECF is entitled to a paper copy of any electronically filed pleading, document, or order, and that the filing party must provide the non-registered party with the pleading, document, or order according to the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 5 requires service of written motions and other papers after the original complaint on every party. Federal Rule of Civil Procedure 6(b)(1) authorizes the Court, for good cause, to extend time, and, after expiration of a deadline, to extend time on a showing of excusable neglect.

## III. ARGUMENT

Kelly respectfully submits that his reply should be deemed timely because City Defendants did not serve him with their response. Their certificate of service establishes only CM/ECF notification to counsel of record. It does not state that

Kelly, as a pro se proposed intervenor and non-registered ECF participant, was served by mail or any other conventional means.

Because Kelly was not served, the fourteen-day period under Local Rule 7.1(C) should not be applied to bar or shorten his opportunity to reply. Alternatively, even if the Court calculates the reply period from the docket date, good cause and excusable neglect exist because Kelly was not served as required, learned of the filing by other means, and acted promptly thereafter. No party is prejudiced by accepting the reply because the motion to intervene remains pending and no merits ruling has issued.

Kelly further requests that the Court direct the parties to serve him with all future filings directed to him by U.S. Mail at his address of record, or by any other method authorized by the Court, unless and until he is authorized and registered to receive service through CM/ECF.

## IV. REQUESTED RELIEF

For these reasons, Kelly respectfully requests that the Court enter an order:

1. finding that City Defendants did not properly serve Kelly with their Response in Opposition to his Motion to Intervene;

2. deeming Kelly's Reply in Support of Motion to Intervene timely filed;

3. alternatively, granting an extension of time through the date on which Kelly's reply is received and filed by the Clerk;

4. directing the parties to serve Kelly with future filings directed to him by U.S. Mail or other Court-approved method unless and until Kelly is authorized and registered for electronic service; and

5. granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of May, 2026.

/s/ Ryan Kelly
Ryan Kelly
1739 Saulter Rd.
Homewood, AL 35209
sigokelly@gmail.com
334-328-8419
Proposed Intervenor, pro se

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that this motion was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1.

Respectfully submitted this 20th day of May, 2026.

/s/ Ryan Kelly
Ryan Kelly
Proposed Intervenor, pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2026, I served the foregoing Proposed Intervenor Ryan Kelly's Notice of Lack of Service and Motion to Deem Reply Timely Filed or, in the Alternative, for Extension of Time to File Reply by U.S. Mail, postage prepaid, upon counsel of record at the addresses listed below:

Denmark Ashby Matricardi LLC, Attn: Winston A. Denmark, Jacquita L. Parks, Wallace D. Washington, and Earle Turner, 100 Hartsfield Center Parkway, Suite 400, Atlanta, GA 30354;

Ian Neubauer, Esq., 650 Saddle Creek Circle, Roswell, GA 30076;

Andrew J. Tine, Esq., Law Office of Andrew J. Tine, 18 Maple Avenue, Suite 267, Barrington, RI 02806.

/s/ Ryan Kelly
Ryan Kelly
Proposed Intervenor, pro se