**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

THE HALCYON HOUSE, LLC;
   Plaintiff/Petitioner,

      v.

CITY OF COLLEGE PARK; BIANCA
MOTLEY BROOM; JAMELLE E.
MCKENZIE; RODERICK GAY;
TRACIE ARNOLD; and JOSEPH
CARN a/k/a JOE CARN;
   Defendants/Respondents.

CIVIL ACTION FILE
NO. 26CV000443

**NON-FINAL ORDER GRANTING PETITION FOR REVIEW IN PART**

Counts three and five (mislabeled as count six) of the Plaintiff's complaint/petition challenge, pursuant to O.C.G.A. §§ 36-66-5.1 and 5-3-1 *et seq.*, a final decision of the City of College Park ("City") issued December 17, 2025. (1/9/25, Dkt. 1; 2/13/26, Dkt. 13). The Defendants filed a response in opposition. (3/16/26, Dkt. 14; Amend. 5/22/26, Dkt. 23). After considering the record and applicable law, the Court grants the petition in part and reverses the City's decision without a hearing.[1] [2]

---

[1] The Superior and State Court Appellate Practice Act does not require the reviewing court to schedule oral argument or further briefing unless "necessary." O.C.G.A. § 5-3-9(c). Having the benefit of the record and briefing of counsel, the Court finds a "just and expeditious" final decision can be made without further proceedings. O.C.G.A. § 5-3-9(b).

[2] As a result of this order, the Plaintiff's motion for judgment on the pleadings (4/13/26, Dkt. 19) as to the zoning appeal is denied as moot. As to the Open Meetings Act claim, the motion is deferred until a final hearing pursuant to O.C.G.A. § 9-11-12(d).

*Background*

Seeking to operate a sober living home accommodating up to eight unrelated adults, the Plaintiff sent a letter to the College Park Office of the City Planner demanding the City provide a reasonable accommodation to its zoning laws pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. (2/11/26 Cert. R. at 37-40, Dkt. 11). The City responded by providing a "reasonable zoning accommodation request application," noting such a group home was disallowed within the "R2 zoning district" at the proposed location of 2041 English Lane. (*Id*. at 11-13). The Plaintiff completed and submitted the application on November 14, 2025. (*Id*. at 14-21). According to the minutes of a December 1st meeting, the City Council entered executive session to discuss "real estate, litigation and personnel" matters, after which the Plaintiff's application was unanimously denied. (*Id*. at 9-10). The interim City Manager summarized this "final administrative decision" in a written letter dated December 17, 2025. (2/13/26 Cert. R. at 11-18, Dkt. 12).

*Standard of Review*

The Zoning Procedures Law, O.C.G.A. § 36-66-1 *et seq*., requires that any "zoning decision" made by a local government be preceded by a noticed hearing. O.C.G.A. § 36-66-4(a); *Hoechstetter v. Pickens Cty*., 303 Ga. 786, 786 (2018). Among other possibilities, a "zoning decision" includes an application for a special use of property or a variance. O.C.G.A. § 36-66-3(4)(E)-(F). Judicial review of these decisions may be brought to the superior court of the county wherein the subject property is located. O.C.G.A. § 36-66-5.1(a). The statutory scheme does not provide a specific standard of review and notes the provisions of Title 5 apply to quasi-judicial decisions such as the one presented here. *See also* O.C.G.A. § 5-3-5(a) ("Except as [] otherwise provided by law . . ."). As a result, this Court reviews questions of law de novo. O.C.G.A. § 5-3-5(a)(5). This review is

restricted to "matters raised in the record of the proceeding in the lower judicatory." O.C.G.A. § 5-3-5(a)(1); O.C.G.A. § 36-66-5.1(a)(2).

*Findings*

In its amended answer, the City summarily contends it "properly provided advance notice of the December 1, 2025 meeting to public," and that the application "was deemed a litigation matter [and] therefore properly reviewed during the Executive Session." (5/22/26, Dkt. 23 at 4). The Court disagrees with both assertions. Beginning with the latter, the Court finds as a question of law that the City's consideration of the Plaintiff's "reasonable zoning accommodation request application" constituted a "zoning decision" under O.C.G.A. § 36-66-3(4)(E)-(F) because the application sought a special use or variance to allow a group home within the current R2 zoning district. Thus, the notice and hearing requirements of O.C.G.A. § 36-66-4(a) applied regardless of whether the City deemed the application to involve "litigation." The December 1st meeting minutes completely fail to show that interested citizens were provided "a meaningful opportunity to be heard." *Hoechstetter*, 303 Ga. at 787. Similarly, although the record appears to contain some form of advance notice of the December 1st meeting, it does not establish when or how this notice issued. (2/13/26 Cert. R. at 4-9, Dkt. 12). Nor does it contain any mention whatsoever that the Plaintiff's application would be considered on December 1st.

*Conclusion*

Lacking any evidence that its zoning decision was preceded by adequate notice or a hearing, the Board's December 17, 2025, denial of the Petitioner's reasonable accommodation application is hereby vacated for further proceedings not inconsistent with this order. Specifically, the Board must reconsider the Plaintiff's application in compliance with O.C.G.A. § 36-66-4. Count five of

the petition is granted. The alternative count three is denied as moot. Counts one, two, and four remain for determination by the factfinder.

The Clerk of Superior Court is directed to serve a copy of this Order on the clerk of the lower judicatory, or its functional equivalent if no official clerk exists, within five days from the date of this decision. *See* O.C.G.A. § 5-3-18.

**SO ORDERED**, June 12, 2026.

_____
Judge Scott McAfee
Superior Court of Fulton County
Atlanta Judicial Circuit

*Filed and served electronically via eFileGA.*