**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

THE HALCYON HOUSE, LLC;
   Petitioner,

     v.

CITY OF COLLEGE PARK and
COLLEGE PARK ZONING BOARD
OF APPEALS,
   Respondents.

CIVIL ACTION FILE
NO. 26CV002059

**FINAL ORDER GRANTING PETITION FOR REVIEW**

Challenging a final decision by the Board of Zoning Appeals ("Board") with the City of College Park ("City") affirming a zoning violation notice issued in October 2025, Petitioner timely filed this petition for review pursuant to O.C.G.A. §§ 36-66-5.1 and 5-3-1 *et seq.* (2/10/26, Dkt. 3). The Respondent filed a response in opposition. (3/18/26, Dkt. 5; Amend. 5/22/26, Dkt. 11). After considering the record below and applicable law, the Court grants the petition and reverses the Board's decision without a hearing.[1] [2]

***Background***

Seeking to open a sober living house in a residential zone of College Park, the Petitioner signed a lease for 2041 English Lane in September 2025. (Pet. at ¶¶ 2-5). After receiving complaints from neighbors, the Office of the City Planner issued a zoning violation notice on October 15, 2025.

---

[1] The Superior and State Court Appellate Practice Act does not require the reviewing court to schedule oral argument or further briefing unless "necessary." O.C.G.A. § 5-3-9(c). Having the benefit of the record and briefing of counsel, the Court finds a "just and expeditious" final decision can be made without further proceedings. O.C.G.A. § 5-3-9(b).

[2] As a result of this final order, the Petitioner's motion for judgment on the pleadings (4/15/26, Dkt. 8) is denied as moot.

(Cert. R., Attach. D, Dkt. 6). The notice stated, "Following investigation by the City Planner's Office and review of public records and digital advertisements, it has been determined that the Property is being used as a sober living facility, group home, or halfway house marketed as 'The Halcyon House.'" (*Id.*). The specific violation alleged concerned the City's Code of Ordinances, Appendix A, Sections 3.5 and 15.7. (*Id.*).[3] As a result, the City Planner instructed the Petitioner to "immediately cease and desist the unlawful operation of all violations" or risk civil penalties and daily fines.

The Petitioner, through managing member Kai Thorup, timely demanded a hearing before the Board to appeal the notice. (R. at 6-24). During the Board hearing on January 12, 2026, Mr. Thorup stated that nobody lived in the house until December 7th, well after the city planner found the property in violation. (*Id.* at 30; 47). The Petitioner's attorney similarly proffered — without any objection from the Board, city planner, or any other representative on behalf of the City — that the home was unoccupied. (*Id.* at 33). The neighbors simply observed moving vans and the lawful tenant, Mr. Thorup, "moving his belongings into [sic] with the intent to house three other individuals." (*Id.* at 34; 41) ("We didn't have much information about what was going on. So, any kind of kneejerk reaction, we brought it up to City Council that this could be an issue…").

---

[3] Although both parties reference several ordinances throughout their briefing, neither submitted a copy for the record or notified this Court that something material was omitted or misstated pursuant to O.C.G.A. § 5-3-14(m). "It is well established" that this Court cannot take judicial notice of a city ordinance. *Flippen All. for Cmty. Empowerment, Inc. v. Brannan*, 267 Ga. App. 134, 136 (2004). "The proper method of proving an ordinance is by production of the original or of a properly certified copy." *Id.* Reliance on an ordinance not properly in the record is error. *See, e.g.*, *Monterey Cmty. Council v. DeKalb Cty. Planning Comm'n*, 281 Ga. App. 873, 876 (2006). Nevertheless, the parties have stipulated to the relevant ordinances, including that "up to three unrelated occupants may live in the R-2 zone as a 'family.'" (Pet. at ¶ 16; Amend. Resp. at ¶ 16 (denying only the factual allegations)).

In response, the City Planner explained the decision to issue the notice was based upon "a series of emails from neighbors and screenshots from various media posts like Instagram and Craig's List, where they were advertising the home as 15 beds, advertising sober living, with tenants moving in." (*Id.* at 44). When asked for more specific detail rather than hearsay, the City Planner stated, "In one email I received the ad listing from Craig's List where the property at 2041 English Lane is being advertised as sober living with 15 beds. And I think there was a rent amount included too. It was actively being advertised. It was a combination of the information from the community, as well as our Code Enforcement Officers, and myself looking at the advertisement." (*Id.*). The City never introduced the corroborating electronic documentation nor any testimony from a code enforcement officer or neighbor. The Board subsequently voted to affirm the decision, and on January 28th, the City Planner provided the Petitioner with written confirmation of the Board's affirmance. (R. at 26; 52).

### *Standard of Review*

Georgia's Zoning Procedures Law, O.C.G.A. § 36-66-5.1(a), does not provide a specific standard of review and notes the provisions of Title 5 apply to quasi-judicial decisions such as the one presented here. *See* O.C.G.A. § 5-3-5(a) ("Except as [] otherwise provided by law . . ."). As a result, this Court must "[a]ccept the findings of fact and credibility of the lower judicatory unless they are clearly erroneous." O.C.G.A. § 5-3-5(a)(2). The "clearly erroneous" standard for reviewing factual findings mirrors the highly deferential "any evidence" test. *Girls Galore, Inc. v. City of Atlanta*, 378 Ga. App. 761, 766 (2026) (citations omitted). Although the reviewing court should not reweigh credibility determinations, factual findings are subject to the rules of evidence. O.C.G.A. § 24-1-2(d)(4); *Forsyth Cty. v. Mommies Props.*, 359 Ga. App. 175, 184 (2021). In addition,

the reviewing court "[d]etermine[s] whether the final judgment was sustained by sufficient evidence." O.C.G.A. § 5-3-5(a)(4). "Sufficient evidence" requires more than a "mere scintilla." *Girls Galore*, 378 Ga. App. at 766. Combining these two standards, this Court must defer to the competent factual findings of the lower judicatory, and after doing so, then determine whether those facts sufficiently support the final determination. *Id.* at 767. This review is restricted to "matters raised in the record of the proceeding in the lower judicatory." O.C.G.A. § 5-3-5(a)(1); *see also* O.C.G.A. § 36-66-5.1(a)(2).

*Findings*

Petitioner contends a lack of evidence supports the Board's finding that the Petitioner used 2041 English Lane in contravention of its permitted use as a single-family home prior to the October 15th Notice of Zoning Violations.[4] The Court agrees. Even accepting the City Planner's bareboned factual assertions as competent evidence, namely that the Petitioner advertised the property as a sober living facility with "tenants moving in," these facts alone are not sufficient to prove the Petitioner operated a "group home" or "halfway house" in violation of the City's zoning ordinances prior to October 15th. Without knowing the details of the advertisement — such as exactly how many potential tenants were invited to live in the home, whether each advertised bed would hold a separate occupant, or the date a new tenant could move in — the Board did not have sufficient evidence to find the Petitioner had or intended to have more than three unrelated occupants reside at 2041 English Lane. Nor did the Board have any details concerning what any code enforcement officer heard or observed. And no neighbor provided the Board with a

---

[4] The Petitioner submits several unauthenticated emails to support its factual assertion that the residence was unoccupied. These emails do not appear in the certified record nor were they ever presented to the Board. As a result, they cannot be considered here.

particularized reason to believe more than three occupants were or would be living there. In sum, a review of what little evidence was presented to the Board confirms that its determination was not sustained by sufficient evidence.

*Conclusion*

Lacking sufficient evidence to support its final decision, the Board's affirmance of the October 15th Notice of Zoning Violations is reversed. The Clerk of Superior Court is directed to serve a copy of this Order on the clerk of the lower judicatory, or its functional equivalent if no official clerk exists, within five days from the date of this decision. *See* O.C.G.A. § 5-3-18.

**SO ORDERED**, June 5, 2026.

_____
Judge Scott McAfee
Superior Court of Fulton County
Atlanta Judicial Circuit

*Filed and served electronically via eFileGA.*