# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAI THORUP, THE HALCYON HOUSE, LLC, and OBSIDIAN NINE, LLC, <br><br> Plaintiffs, <br><br> and <br><br> RYAN KELLEY, <br><br> Intervenor (proposed), <br><br> vs. <br><br> CITY OF COLLEGE PARK, BIANCA MOTLEY BROOM, JAMELLE E. MCKENZIE, RODERICK GAY, TRACIE ARNOLD, and JOSEPH CARN, also known as Joe Carn, <br><br> Defendants. | CIV. ACTION NO. 1:25-cv-07429 <br><br> The Honorable Thomas W. Thrash, Jr. <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS'
## OPPOSITION TO MOTION FOR LEAVE TO FILE DECISIONS

COME NOW Defendants City of College Park ("City" or "College Park") Bianca Motley Broom, Jamelle E. McKenzie, Roderick Gay, Tracie Arnold, and Joseph Carn (*collectively*, "Defendants") and oppose, pursuant to, *inter alia*, Federal Rule of Civil Procedure ("Procedure Rule") 12, Federal Rule of Evidence

Page 1 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

("Evidence Rule") 401 and 402, as well as Civil Local Rule of Practice for the United States District Court for the Northern District of Georgia ("Local Rule") 7.1, Plaintiffs' Motion for Leave to File With This Court Decisions From Related State Court Actions ("Motion to File"). Specifically, the Court should deny the Motion to File because: (a) Plaintiffs have failed to cite, in violation of the Local Rules, any supporting authority; (b) the Motion to File is futile where the Procedure Rules prohibit consideration of matters outside the four corners of the pleadings; and (c) Plaintiffs have failed to establish the relevance of the subject Superior Court decisions as required by the Evidence Rules. For these and the reasons further articulated, *infra*, Defendants respectfully request that the Court deny the instant motion, as well as afford any other relief that is just and proper under the circumstances.

## I.  BACKGROUND

1.

On December 29, 2025, Plaintiffs filed the above-captioned Complaint and Jury Demand. (Doc. no. 1, Compl.). Generally, Plaintiffs complain that, despite efforts to provide sober housing to individuals recovering from substance abuse in College Park, the City denied a request for a reasonable accommodation to operate under the City Code  (Id. ¶¶ 30-83). From this general allegation, Plaintiffs assert

Page 2 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

claims for violation of the Fair Housing Act, the Americans with Disabilities Act, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and Georgia's Open Meetings Act, as well as for failure to train. (Id. ¶¶ 84-160).

2.

Defendants waived, on January 13, 2026, formal service of process. (Doc. no. 13, Waiver).

3.

On February 1, 2026, Plaintiffs filed the First Amended Complaint and Jury Demand, generally containing similar allegations and asserting the same claims. (Doc. no. 15, First Am. Compl.).

4.

Defendants moved, on March 16, 2026, for dismissal based upon the failure to state a claim ("Motion to Dismiss"). (Doc. no. 19, Mot. to Dismiss). On March 29 and April 24, 2026, Plaintiffs opposed the Motion to Dismiss. (Doc. no. 22, Opp.). The Motion to Dismiss remains pending.

## II. ARGUMENT AND CITATION TO AUTHORITY

Plaintiffs request, without citation to authority, leave to file certain orders entered in the Superior Court of Fulton County, Georgia, ("Superior Court Orders") that are *purportedly* relevant to the Motion to Dismiss and will somehow assist the

Page 3 of 11
Thorup, et al. v. City of College Park, et al., Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

Court with understanding the procedural posture. (Doc. no. 3, Mot. to File). However, the Court should summarily deny the Motion to File because Plaintiffs failed to, *inter alia*, comply with the citation-requirement, show that the Court can consider these matters outside the pleadings, and establish the relevance of the Superior Court Orders. As such, the Court should simply deny the Motion to File.

## A.     Plaintiffs Failed to Comply with the Citation Requirement

As an initial matter, the Court should summarily deny the instant motion based upon non-compliance with the citation-requirement in the Local Rules. "Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority."[1]  LR 7.1(A)(1), NDGa.  "The Northern District of Georgia's local rules require that every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority." Toland v. Phoenix Ins. Co., 855 Fed. Appx. 486, 492 (11th Cir. 2021) (internal quotation and citation omitted).  Repeatedly, this Court has denied motions based upon the failure to comply with the Local Rules. Pittman v. T-Mobile USA, Inc., No. 320CV00067TCBRGV, 2021 WL 3403417, at *2 (N.D. Ga. Mar. 15,

---

[1] "The Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules."  LR 7.1(F) NDGa.

2021), *report and recommendation adopted*, No. 3:20-CV-67-TCB, 2021 WL 3403529 (N.D. Ga. Apr. 21, 2021); <u>Osmose, Inc. v. Viance, LLC</u>, No. 3:09-CV-23-JTC, 2009 WL 10690651, at *3 (N.D. Ga. May 5, 2009); <u>Watkins v. Barnhart</u>, No. 105CV01279JTCRGV, 2006 WL 8432214, at *1 (N.D. Ga. Dec. 7, 2006).

<u>Sec. & Exch. Comm'n v. Conrad</u>, No. 1:16-CV-02572-LMM, 2017 WL 3500364 (N.D. Ga. May 2, 2017) is instructive concerning the denial of motions based upon the failure to comply with the citation requirement. In <u>Conrad</u>, the plaintiff asserted fraud claims related to various Federal Acts. <u>Id.</u> at *1. Addressing the request to amend in a footnote of motion to reconsider the dismissal of claims, this Court explained,

> Local Rule 7.1(A)(1) requires that: Every motion shall be accompanied by a memorandum of law which cites supporting authority. Local Rule 7.1(F) gives the Court discretion to decline to consider any motion that does not conform to the requirements of Rule 7.1.

<u>Id.</u> at *5 (internal quotations, ellipses, and citations omitted). However, because the footnote did not set forth legal authority or argument as to why the Court should allow amendment, the Court declined to grant the amendment request. <u>Id.</u>

Like <u>Conrad</u> where the Court declined to entertain the request to amend, Plaintiffs' failure to comply with the citation requirement warrants summary denial of the Motion to File. Here, the Motion to File is completely devoid of citation to

Page 5 of 11
<u>Thorup, *et al.* v. City of College Park, *et al.*</u>, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

supporting authority. As such, Defendants and the Court are left to speculate what, if any, authority supports the filing of the Superior Court Orders into the record for purposes of adjudicating a motion to dismiss for failure to state a claim. Therefore, the Court should summarily deny the Motion to File.

**B.      The Court Cannot Consider Matters Outside the Pleadings**

Assuming, *arguendo*, the Court is inclined to ignore the failure to comply with the citation requirement, the Court should still deny the futile Motion to File because courts are generally limited to reviewing what is within the four corners of the pleadings when addressing a motion to dismiss. Under the Procedure Rules, a complaint may be dismissed if it fails to state a claim. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2006)). In this regard, all factual allegations "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993).

Sun v. Girardot, No. 1:04-CV-0542-WSD, 2005 WL 8154510 (N.D. Ga. Feb. 10, 2005) is instructive concerning the futility of the Motion to File. In Sun, the

Page 6 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

plaintiffs moved to strike documents filed by the defendants in support of the motion to dismiss.  Id. at *2.  Addressing the motion to strike, this Court succinctly explained,

> In deciding a motion to dismiss, a court limits its consideration to the pleadings and exhibits attached thereto.  [Federal] Rule 12 provides that if, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.  An exception exists for documents which, although not attached to a party's pleading, are (1) central to the party's claim; and (2) undisputed.

Id. (internal ellipses, quotations, and citations omitted).  Because exhibits attached to the motion to dismiss presented matters outside the pleadings, *e.g.*, affidavits, state court filings, superior court order, contempt order, and documents related to a conviction, and could not be considered without converting the motion to a motion for summary judgment, the Court declined to convert the motion on the grounds that it was premature to address summary judgment without discovery.  Id. at *3.  However, because the authenticity of the exhibits was not challenged, the motion to strike was denied.  Id.  Nevertheless, the Court declined to consider the exhibits when deciding the motion to dismiss.  Id.

Like Sun where the Court declined to consider the exhibits, Plaintiffs seek to submit Superior Court Orders *purportedly* related to unspecified issues forming the

Page 7 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

basis of the Motion to Dismiss.  However, Plaintiffs have failed to make any, let alone the requisite, showing that would *potentially* allow the Court to consider material outside the pleadings when adjudicating the Motion to Dismiss.  Indeed, nothing in the instant motion suggests that the Superior Court Orders are central to claims asserted in this matter or that the subject orders are authentic, *i.e.*, certified copies of the subject orders.  Without these showings, which Defendants do not waive, the Court would not be permitted to consider the subject orders when considering the Motion to Dismiss.  As such, the Court should deny the Motion to File as futile.

Importantly, courts need not convert a motion to dismiss into a motion for summary judgment if it does not consider matters outside the pleadings.  <u>Harper v. Lawrence Cnty., Ala.</u>, 592 F.3d 1227, 1232 (11th Cir. 2010).  Nothing in the instant motion suggests that the Court need to consider the Superior Court Orders to properly adjudicate the Motion to Dismiss.  Therefore, the Court need not convert the Motion to Dismiss to adjudicate the pending issues.

**C.      Plaintiffs Have Failed to Establish the Relevancy of the Orders**

Finally, nothing in the Motion to File remotely suggests that the Superior Court Orders are relevant to the Court's adjudication of the pending Motion to Dismiss.  Material is "relevant" if it has any tendency to make a fact more or less

Page 8 of 11
<u>Thorup, *et al.* v. City of College Park, *et al.*</u>, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

probable than it would be without the material and the material is of consequence in determining the matter.  Fed. R. Ev. 401.  Unless otherwise provided by the law or applicable rules, relevant evidence is admissible and irrelevant evidence is not admissible.  Fed. R. Ev. 402.  Even if evidence is relevant, courts may still exclude if, *inter alia*, the probative value is outweighed by prejudice, confusion of issues, undue delay, wasting time, and needlessly presenting cumulative evidence.  Brown v. Davis, 656 Fed. Appx. 920, 922 (11th Cir. 2016).  Here, Plaintiffs have utterly failed to demonstrate how the Superior Court Orders are material or make a relevant fact more probable concerning the failure to state a claim.  Moreover, consideration of the Superior Court Orders may be prejudicial to the consideration of issues raised in this matter.  In the absence of a showing of relevance, the Court should simply disregard the Superior Court Orders.  Warshauer v. Chao, No. CIV.A.4:06CV0103HLM, 2008 WL 2622799, at *2 (N.D. Ga. May 7, 2008), *affirmed sub nom.*, Warshauer v. Solis, 577 F.3d 1330 (11th Cir. 2009).

### III.  CONCLUSION

For the reasons stated herein, the Court should deny the instant motion, as well as afford any other relief that is just and proper under the circumstances

*[SIGNATURE ON THE FOLLOWING PAGE]*

Page 9 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

Respectfully submitted, this 27th day of June, 2026.

DENMARK ASHBY MATRICARDI LLC

WINSTON A. DENMARK
Georgia Bar No. 211751
WALLACE WASHINGTON
Georgia Bar No. 738990
CHANDARALEN PHE
Georgia Bar No. 686706
T. ORLANDO PEARSON
Georgia Bar No. 180406
100 Hartsfield Center Parkway, Suite 400
Atlanta, Georgia 30354
Phone:  (770) 478-9950
Email:  wdenmark@dam.law
Email:  wwashington@dam.law
Email:  cphe@dam.law
Email:  tpearson@dam.law

*Counsel for Defendants City of College Park, Bianca Motley Broom, Jamelle E. McKenzie, Roderick Gay, Tracie Arnold, and Joseph Carn*

Page 10 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KAI THORUP, *et al.*,

    Plaintiffs,

and

RYAN KELLEY,

    Intervenor (proposed),

    vs.

CITY OF COLLEGE PARK, *et al.*,

    Defendants.

CIV. ACTION NO. 1:25-cv-07429

The Honorable Thomas W. Thrash, Jr.

**JURY TRIAL DEMANDED**

## LOCAL RULE CERTIFICATION

The undersigned certifies that this document has been prepared in accordance with Local Rule 5.1 and that the ***Opposition to Plaintiff's Motion for Leave to File Decisions*** has been filed using the CM/ECF system, which will notify the attorney(s) of record.

Respectfully submitted, this 27th day of June, 2026.

DENMARK ASHBY MATRICARDI LLC

T. ORLANDO PEARSON
Georgia Bar No. 180406

Page 11 of 11
Thorup, *et al.* v. City of College Park, *et al.*, Civ. Action No. 1:25-cv-07429
Defendants' Opposition to Motion for Leave to File Decisions