# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KAI THORUP, THE HALCYON
HOUSE LLC, and OBSIDIAN NINE
LLC,

    Plaintiffs,

  and

**RYAN KELLEY,**

    Intervenor (proposed),

  vs.

**CITY OF COLLEGE PARK, BIANCA
MOTLEY BROOM, JAMELLE E.
MCKENZIE, RODERICK GAY,
TRACIE
ARNOLD, and JOSEPH CARN, also
known as Joe Carn,**

    Defendants.

CIV. ACTION NO. 1:25-cv-07429

The Honorable Thomas W. Thrash, Jr.

**JURY TRIAL DEMANDED**

---

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE WITH THIS COURT DECISIONS FROM RELATED STATE COURT ACTIONS

COME NOW Plaintiffs Kai Thorup, The Halcyon House, LLC, and Obsidian

Nine, LLC ("Plaintiffs"), by and through undersigned counsel, and file this Reply in

support of their Motion for Leave to File with this Court Decisions from Related

State Court Actions (the "Motion") (Doc. 30), and in response to Defendants' Opposition thereto (Doc. 31), respectfully showing the Court as follows:

## I. INTRODUCTION AND SUMMARY OF REPLY

Defendants do not, and cannot, dispute the central fact underlying the Motion: a court of competent jurisdiction—the Superior Court of Fulton County, Georgia—has entered orders in directly related proceedings between these same parties concerning the very conduct at issue in this action. Defendants instead raise three procedural objections, none of which withstands scrutiny. First, Defendants contend the Motion failed to cite supporting authority under Local Rule 7.1(A)(1). Plaintiffs cure any such deficiency herein. Second, Defendants contend the Court may not consider "matters outside the pleadings" on a Rule 12(b)(6) motion. But it is well-settled law in this Circuit that a court may take judicial notice of the existence and content of public court records—including orders of other courts—without converting a motion to dismiss into one for summary judgment. Third, Defendants contend the orders are irrelevant. To the contrary, the orders bear directly on the procedural posture of, and the rulings already entered concerning, the City's challenged conduct.

Critically, Plaintiffs do not ask this Court to adopt the Superior Court's factual findings as true for purposes of the Rule 12(b)(6) analysis, nor to weigh those orders as evidence of any disputed fact. Plaintiffs ask only that the Court take notice of the

existence and content of these public records so that the Court is apprised of the related rulings as it adjudicates the pending Motion to Dismiss. So limited, the request is routine, well-supported, and properly granted.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     *The Motion Is Properly Supported, and Any Asserted Citation Deficiency Is Cured.*

Local Rule 7.1(A)(1) provides that motions be accompanied by a memorandum citing supporting authority, and Local Rule 7.1(F) commits enforcement to the Court's discretion.[1] The Rule exists to ensure the Court is not left to speculate as to the legal basis for relief; it is not a trap for summary denial where, as here, the legal basis is straight-forward and the opposing party has suffered no prejudice. To the extent the Court concludes the Motion should have set forth its supporting authority more fully, Plaintiffs respectfully cure that deficiency through this Reply, which Local Rule 7.1 expressly permits Plaintiffs to file within fourteen (14) days of service of the responsive pleading. See LR 7.1(C), NDGa.

The authority supporting the Motion is well-settled. Federal Rule of Evidence 201(b)(2) permits a court to judicially notice a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose

---

[1] It should be noted that Defendants' motion to dismiss (Doc 19) was not accompanied by a separate memorandum in support.

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Eleventh Circuit has squarely held that a district court may take judicial notice of public records from other legal proceedings—and may do so at the motion-to-dismiss stage without converting such into a motion for summary judgement—for the purpose of determining what those records contain, as such records are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *see also U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 & n.4 (11th Cir. 2015). Court orders entered in directly related and parallel state court proceedings are quintessential public records subject to such notice.

Because the Motion seeks only to place before the Court two public orders properly subject to judicial notice, ample authority supports it, and the Court should not deny the Motion on the basis of Local Rule 7.1(A)(1).

> **B.     *Taking Judicial Notice of the Orders Does Not Require Considering Matters Outside the Pleadings or Converting the Motion to Dismiss.***

Defendants correctly observe that, on a Rule 12(b)(6) motion, a court generally limits its consideration to the four corners of the pleadings and that the introduction of extrinsic evidence may convert the motion into one for summary judgment. But Defendants ignore the controlling exception: judicial notice of public

records is not the consideration of "matters outside the pleadings" that triggers conversion, and a court may take judicial notice of judicially noticeable facts without requiring an automatic conversion to the summary judgment stage. *Bryant*, 187 F.3d at 1278.

The effect of judicial notice here is limited and precise. Plaintiffs do not offer the Superior Court Orders for the truth of any disputed matter asserted within them, but only to establish that the orders exist and what they say. *See Bryant*, 187 F.3d at 1278 (judicial notice of public records may be taken to determine what statements the documents contain). Where a court notices a public record only for its existence and content—not to resolve a contested factual question—no conversion to summary judgment occurs, and Defendants' cited authority is not to the contrary.

Defendants' reliance on *Sun v. Girardot*, No. 1:04-CV-0542-WSD, 2005 WL 8154510 (N.D. Ga. Feb. 10, 2005), is misplaced. *Sun* addressed a motion to *strike* affidavits and evidentiary exhibits attached to a motion to dismiss—materials offered to prove disputed facts. Plaintiffs offer nothing of the kind. Plaintiffs offer two public court orders, subject to judicial notice, for the limited purpose of apprising the Court of related rulings and the procedural posture of parallel litigation. *Sun* does not address that situation and does not bar the relief requested. To the extent the Court harbors any concern regarding authenticity, Plaintiffs will tender certified copies of the orders, which removes any question under *Sun*.

### C. The Superior Court Orders Are Relevant to the Procedural Posture Before the Court.

Relevance under Federal Rule of Evidence 401 is a deliberately low threshold: material is relevant if it has "any tendency" to make a fact of consequence more or less probable. Fed. R. Evid. 401. The two Superior Court Orders easily clear that bar.

First, in *The Halcyon House LLC v. College Park*, Civil Action No. 26CV000443 (Fulton Cnty. Super. Ct.), the Superior Court entered an interim ruling on June 12, 2026, remanding the City's denial of The Halcyon House's request for a reasonable accommodation back to the City for the City's failure to comply with the Zoning Procedures Law, O.C.G.A. § 36-66-1 *et seq.* That ruling bears directly on the City's handling of the reasonable accommodation request that forms the core of Plaintiffs' claims in this action.[2]

Second, in *The Halcyon House LLC v. College Park*, Civil Action No. 26CV002059 (Fulton Cnty. Super. Ct.), the Superior Court entered a final order reversing the Board's affirmance of the October 15, 2025 Notice of Zoning Violations, finding the Board's decision unsupported by sufficient evidence. The

---

[2] See Doc 15, para. 106, Plaintiffs allege, "Defendants are violating the Fair Housing Act, 42 U.S.C. § 3601, et seq. by failing to make reasonable accommodations in the application of its zoning and other codes so as to afford Plaintiffs' potential residents, an equal opportunity to use and enjoy a safe, affordable, sober living environment, to promote their recovery from substance use."

Notice of Zoning Violations is among the very enforcement actions Plaintiffs challenge here and allege was conducted on the basis of the disability status of the prospective residents, and a state court's reversal of the Board's affirmance of that Notice is plainly pertinent to the procedural posture of this dispute.[3]

Defendants' assertion that consideration of the orders "may be prejudicial" is unsupported, as an unfavorable ruling, however damaging, is not "prejudicial," but instead binding precedent. The orders are offered to inform, not to inflame; they are judicial determinations of courts of competent jurisdiction concerning the same parties and conduct which is part of the allegations supporting Plaintiffs' First Amended Complaint and Jury Demand (Doc 15). Apprising the Court of such rulings advances, rather than impedes, the orderly adjudication of the pending Motion to Dismiss. Any concern regarding the weight or use of the orders is properly addressed through the limited nature of judicial notice described above—not through exclusion.

---

[3] See Doc 15, para. 56, Plaintiffs allege, "The Notice of Zoning Violations was based upon false information being provided by neighbors of 2041 English Lane, motivated by discriminatory viewpoints, and accepted by the City's counsel (and the City) without verification of the allegations, who issued a memorandum on October 10, 2025 recommending code enforcement actions against The Halcyon House, LLC/2041 English Lane, stating among other thing ("October 10, 2025 Memorandum"): . . ."

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and permit the filing of the two Superior Court Orders entered in the related Fulton County Superior Court actions identified above, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of June, 2026.

For the Plaintiffs,

*/s/ Ian Neubauer*
Ian Neubauer, Esq.
Georgia Bar No. 127513
650 Saddle Creek Circle
Roswell, GA 30076
Tel: (770) 633-4905
ian.neubauer@dynamisrg.com


Pro Hac Vice Counsel for Plaintiffs

*/s/ Andrew J. Tine*
Andrew J. Tine, Esq.
Massachusetts Bar No. 633639
Law Office of Andrew J. Tine
18 Maple Avenue, Suite 267
Barrington, RI 02806
Tel: (401) 396-9002
atine@tinelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2026, I electronically filed the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE WITH THIS COURT DECISIONS FROM RELATED STATE COURT ACTIONS with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filing to all counsel of record who are registered CM/ECF participants.

*/s/ Andrew J. Tine*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that the foregoing was prepared in Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Andrew J. Tine*