IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

KAI THORUP, THE HALCYON HOUSE, LLC, )
and OBSIDIAN NINE, LLC, )
    Plaintiffs, )
     )
    and )
     )
RYAN KELLY, )
    Intervenor (proposed), )
    v. ) Civ. Action No. 1:25-cv-07429
     )
CITY OF COLLEGE PARK, BIANCA MOTLEY)
BROOM, JAMELLE E. MCKENZIE, )
RODERICK GAY, TRACIE ARNOLD, and )
JOSEPH CARN a/k/a JOE CARN, )
    Defendants. )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW Plaintiffs Kai Thorup, Halcyon House, LLC, and Obsidian Nine, LLC ("Plaintiffs"), Intervenor Ryan Kelly ("Intervenor"), as well as Defendants City of College Park ("City" or "College Park"), Bianca Motley Broom, Jamelle E. McKenzie, Roderick Gay, Tracie Arnold, and Joseph Carn (*collectively*, "Defendants"), by and through the Undersigned Counsel of Record and jointly submit, this Preliminary Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26 and Local Rule for the Northern District of Georgia 16.2.

**1.**    Description of Case:

(a)    Describe briefly the nature of this action.

This case concerns alleged violations of 42 U.S.C. §§ 3601, *et seq.*, Fair Housing Act ("FHA"), 42 U.S.C. §§ 12101, *et seq.*, Americans with Disabilities Act ("ADA"), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution ("Fourteenth Amendment"), and O.C.G.A. §§ 50-14-1, *et seq.*, the Open Meetings Act.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiffs and Intervenor (proposed)[1] allege that the Defendants violated Federal and State law by actions taken against the siting of a sober house[2] in the City and by Defendants' failure to grant a reasonable accommodation to allow the proposed use in a zone Defendants assert did not allow same.  Plaintiffs and Intervenor further allege that the Defendants failed to follow State law when taking action towards the intended sober house and considering Plaintiffs' request for a reasonable accommodation.

(c)    The legal issues to be tried are as follows:

1.    Plaintiffs' state: Whether the Defendants violated the FHA, ADA, the Equal Protection Clause, the Fourteenth Amendment, Open Meeting Laws (OCGA § 50-14-1 et

---

[1] A motion to intervene and proposed complaint in intervention is pending before the Court.

[2] A sober house is congregate housing for individuals considered disabled because of being in recovery from substance use.

seq.), and Failure to Train (Monell). More particularly, as follows: under the FHA and ADA whether the Defendants' actions constitute intentional discrimination and/or a failure to grant a reasonable accommodation; under the Equal Protection Clause whether the Defendants' actions deny Plaintiffs equal protection under the law or whether there has been a denial of due process; under the Open Meeting Laws whether the Defendants complied with the notice and hearing requirements; and under Monell whether the Defendant City failed to train its personnel on applicable laws.

2.      Defendants state: Whether Plaintiffs can establish *prima facie* claims for violation(s) of the FHA, ADA, the Equal Protection Clause, and the Open Meetings Act; Whether Defendants are liable for the failure to train employee(s); Whether Defendants have legitimate, non-discriminatory reasons for the subject actions, and compliance with the applicable laws and regulations; Whether Plaintiffs' claims are barred, in whole or in part, by any defense asserted in this matter; What relief, if any, are Plaintiffs entitled to recover; and Any and all other questions of law or fact that arise in the above-captioned case.

3. Proposed Intervenor Kelly states: Whether Defendants' enforcement, accommodation, and land-use actions concerning 2041 English Lane violated the Fair Housing Act, including 42 U.S.C. §§ 3604(f) and 3617, and 42 U.S.C. § 1983 as alleged in Kelly's proposed or conforming complaint; whether those actions directly impaired Kelly's personal ownership, use, rental opportunity, and housing-related interests; whether they

caused Kelly's individual owner-side damages; what relief Kelly may recover; and whether Defendants' asserted defenses apply to Kelly's individual claims. Kelly proceeds solely in his individual capacity as the title owner of 2041 English Lane and does not seek to represent or recover claims belonging solely to 2041 English Lane, LLC.

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

a) The Halcyon House LLC v. College Park, *et al.*, Civ. Action No. 26CV000443 (Fulton County Superior Court)

Plaintiffs' state: The Fulton County Superior Court made an interim ruling on June 12, 2026 remanding the City of College Park's denial of The Halcyon House LLC's request for a reasonable accommodation back to the City for failure to follow the Zoning Procedures Act.  On June 17, 2026, the balance of the state court case was stayed pending the case sub judice.

b) The Halcyon House LLC v. College Park, Civ. Action No. 26CV002059 (Fulton County Superior Court)

Plaintiffs' state: On June 5, 2026, the Superior Court issued a final order in this case finding: "Lacking sufficient evidence to support is final decision, the Board's affirmance of the October 15, 2025 Notice of Zoning Violations is reversed."

Defendants object to the introduction of and consideration by this Court of any Orders generated in the State Courts as delineated in its Brief in Opposition for Leave to Amend.

(2)    Previously Adjudicated Related Cases:

None

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

          (1)     Unusually large number of parties
X    (2)     Unusually large number of claims or defenses
          (3)     Factual issues are exceptionally complex
          (4)     Greater than normal volume of evidence
          (5)     Extended discovery period is needed
          (6)     Problems locating or preserving evidence
X    (7)     Pending parallel investigations or action by government
          (8)     Multiple use of experts
          (9)     Need for discovery outside United States boundaries
          (10)    Existence of highly technical issues and proof
          (11)    Unusually complex discovery of electronically stored information

**3.**    Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

*/s/ Ian Neubauer*
Ian Neubauer, Esq.
Georgia Bar No. 127513
650 Saddle Creek Circle
Roswell, GA 30076
Tel: (770) 633-4905
ian.neubauer@dynamisrg.com

and

*/s/ Andrew J. Tine*
Andrew J. Tine, Esq.

Massachusetts Bar No. 633639
Law Office of Andrew J. Tine
18 Maple Avenue, Suite 267
Barrington, RI 02806
Tel: (401) 396-9002
atine@tinelaw.com

Proposed Intervenor:

Ryan Kelly, *pro se*
   1739 Saulter Rd.
   Homewood, AL 35209
   Email: Sigokelly@gmail.com
   Cell: 334-328-8419

Defendant:

Winston Denmark
Wallace Washington
T. Orlando Pearson
100 Hartsfield Centre Parkway
Suite 400
Atlanta, Georgia 30354
wdenmark@dam.law
wwashington@dam.law
tpearson@dam.law
(770) 470-9950

**4.**    Jurisdiction:

Is there any question regarding this Court's jurisdiction?

      Yes        X  No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**     Parties to This Action:

(a)     The following persons are necessary parties who have not been joined:

None

(b)     The following persons are improperly joined as parties:

None, other than Defendants' challenge to the intervention of Ryan Kelly.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**     Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

If intervention is granted, Proposed Intervenor Ryan Kelly requests leave to file a conforming individual-capacity complaint within fourteen days after entry of the intervention order, or within such period as the Court directs. The thirty-day limitation stated below shall not expire as to Kelly before the Court resolves intervention.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY

DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.** Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.** Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

(a) Proposed Intervenor Kelly requests service of his initial disclosures within thirty days after entry of an order granting intervention, unless otherwise stipulated or ordered. The parties agree that his participation in the June 23 Rule 26(f) conference does not accelerate that deadline.

**9.**     Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

   None requested.

**10.**    Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

   Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiffs state: Generally, discovery is needed with respect to the Plaintiffs' claims and Defendants' defenses.  More specifically, discovery is needed as to whether discriminatory purpose existed directly and/or circumstantially by Defendants' actions and reaction to the proposed sober house.  Discovery is needed for the basis for Defendants' denial of the requested reasonable accommodation, including the alleged atypical and/or non-complaint procedure utilized by the City to deny same.

Defendants anticipate that discovery will be needed concerning, among other things, the claims and defenses asserted in the above-captioned case, Plaintiff's factual allegations, as well as any asserted damages.  Defendants reserve the right to conduct additional discovery as warranted by information and documents obtained during the course of this litigation.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties believe that four months should be adequate to complete discovery.

If intervention is granted after discovery has begun, Kelly requests no fewer than 120 days from entry of the intervention order to complete discovery, unless the Court orders otherwise. Corresponding dispositive-motion deadlines shall run from the close of that period as applicable to Kelly.

The parties agree that, within seven days after intervention is potentially granted, Plaintiffs and Defendants shall provide Kelly copies of all discovery requests, responses, document productions, privilege logs, deposition notices, transcripts, and discovery agreements previously exchanged.

Proposed Intervenor Kelly states: Discovery is needed concerning Kelly's personal ownership of 2041 English Lane; the City's knowledge of and communications concerning Kelly as owner; contemplated citations, penalties, or injunctive action against the property owner; the City's actions affecting the use and value of the property; communications with neighbors and real-estate professionals; causation of the disruption, delinquency, and March 23 turnover; Kelly's individual owner-side damages and mitigation; and Defendants' defenses to Kelly's claims.

**11.** Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Although the Parties do not request that any changes be made to existing discovery limitations imposed under the Federal or Local Rules, the Parties reserve the right to move the Court for additional limitations on or expansions of discovery in the future, if necessary, in accordance with the Federal and Local Rules.

(b)   Is any party seeking discovery of electronically stored information?

<u>   X   </u>Yes                    <u>          </u> No

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties will exchange search terms for electronic discovery that will not exceed 10 terms, in addition to party names and the address of the proposed sober home (i.e. 2041 English Lane).  The parties agree to limit searches to the relevant period as to factually specific matters, which shall be January 1, 2025 to the present.  Searches may be required prior to January 1, 2025 for issues related to training, procedures, local laws, and claims of pattern and practice.

(1.1) each requesting side—including Kelly after intervention—may propose its own ten terms;

(1.2) Ryan Kelly, 2041 English Lane, and 2041 English Lane, LLC are outside the cap;

(1.3) custodians include relevant City officials, planning staff, code-enforcement personnel, the City Manager, and records custodians;

(1.4) City business conducted on personal phones, text accounts, email accounts, or messaging applications must be searched and preserved;

(1.5) emails should retain attachments and parent-child relationships; and

(1.6) spreadsheets, emails, databases, audio, video, and other metadata-dependent records must be produced natively when requested, without first requiring receipt of flattened PDFs.

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF

files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Electronically stored information shall be produced in PDF format. If a specific request for the production of electronically stored information is made after receipt in PDF format, in native format, the responding party shall produce same if available.  All electronically stored information shall be produced in an electronic format (not paper).

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.**    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None

**13.**    Privileged or Protected Material:

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_____Yes                    X*_____ No

*There may be a dispute as to the Defendant City's production of an internal legal memo from counsel to the City that was produced in response to the FOIA request.

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

No agreement.

(a)    The City contends that the memorandum is privileged. Plaintiffs and Kelly reserve all arguments that the City's production, disclosure, use, or other conduct waived any privilege or protection. No party agrees to return, destroy, sequester, or refrain from using the previously produced memorandum absent written agreement or Court order. The parties will confer concerning a privilege-log deadline and a Federal Rule of Evidence 502(d) order.

**14.**    Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 23, 2026, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

The Plaintiffs and Defendants have been in ongoing settlement discussions for many months. The Plaintiffs have proposed several settlement scenarios, to which the Defendants have indicated the potential for settlement. Settlement discussions are ongoing.

For plaintiff: Lead counsel (signature): /s/Andrew J. Tine_____

Other participants (signature): /s/Ryan Kelly_____

For defendant: Lead counsel (signature): /s/Wallace Washington_____

Other participants: _____

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

The parties believe settlement will be more likely after a ruling on the pending motion to dismiss and motion to intervene.

(c)     Counsel (X_____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is July 8, 2026.

(d)     The following specific problems have created a hindrance to settlement of this case.

The need for City Council approval of any settlement.

(e)     Kelly certifies only as to settlement communications in which he personally participated or which were communicated to him. Plaintiffs' counsel does not represent Kelly and has no authority to settle, release, dismiss, allocate, or compromise Kelly's individual claims. No settlement shall affect Kelly's claims without Kelly's express written agreement.

**15.**   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is  otherwise entitled to a jury trial.

(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of  court  this

_____ day of _____, 20___.

(b)   The parties (X_____) do not consent to having this case tried before a magistrate judge of this Court.


/s/Andrew J. Tine                                            /s/Wallace Washington

_____        _____


Counsel for Plaintiff                                      Counsel for Defendant


/s/Ryan Kelly

Proposed Intervenor, pro se,
Participation in this report is conditional upon the pending motion to intervene and does not waive Kelly's intervention arguments, individual-capacity claims, post-joinder disclosure deadline, or request for adequate discovery after joinder.


* * * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20 _____.

_____

UNITED STATES DISTRICT JUDGE