**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KAI THORUP, THE HALCYON HOUSE LLC, and OBSIDIAN NINE LLC, | ) | |
| Plaintiffs, | ) | |
| and | ) | |
| RYAN KELLY, | ) | |
| Intervenor (proposed), | ) | CIVIL ACTION FILE NO. 1:25-cv-07429-TWT |
| v. | ) | |
| CITY OF COLLEGE PARK, BIANCA MOTLEY BROOM, JAMELLE E. MCKENZIE, RODERICK GAY, TRACIE ARNOLD, and JOSEPH CARN a/k/a JOE CARN, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION

This is a Fair Housing Act case about a single-family home at 2041 English Lane in College Park that Plaintiffs sought to operate as a sober home for persons in recovery. Since the First Amended Complaint was filed, the controversy has developed substantially—largely as a result of rulings coming from a related action

pending in the Superior Court of Fulton County. On June 5, 2026, the Superior Court of Fulton County reversed the City's Notice of Zoning Violations as unsupported by sufficient evidence. On June 12, 2026, the Superior Court of Fulton County vacated the City's first denial of Plaintiffs' accommodation request for lack of proper notice and a hearing. After remand, the City held two public hearings and, on October 5, 2026, denied the request again in a three-page written decision dated, signed, attested, and sealed the same night.

Plaintiffs seek leave to plead those events and, in the same pleading, to add and refine allegations about earlier events that bear on the existing claims. The proposed Second Amended Complaint and Jury Demand (the "SAC") names the same parties and asserts the same six counts. Rule 15 directs that leave be freely give[n] when justice so requires, and none of the recognized grounds for denial is present. Discovery has not yet commenced, as no Defendant has yet answered the operative complaint, and a scheduling order has not yet entered.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed this action on December 29, 2025 (Doc. 1). They filed the First Amended Complaint on February 1, 2026 (Doc. 14), and a corrected version the same day (Doc. 15), which is the operative pleading. Defendants moved to dismiss the First Amended Complaint on March 16, 2026 (Doc. 19). Plaintiffs opposed (Doc.

22) and, with leave of Court, filed a corrected opposition on April 2, 2026 (Doc. 24). The motion was submitted to the Court on April 30, 2026.

On April 23, 2026, Ryan Kelly, the owner of the Property, moved to intervene (Doc. 26). The City opposed (Doc. 27), and Mr. Kelly replied (Docs. 28, 29). That motion remains pending.

On June 25, 2026, Plaintiffs moved for leave to file the two Superior Court orders described below (Doc. 30). Defendants opposed, contending among other things that the orders are matters outside the pleadings (Doc. 31), and Plaintiffs replied on June 29, 2026 (Doc. 33). On June 30, 2026, the parties filed a Joint Preliminary Report and Discovery Plan (Doc. 34). No scheduling order has been entered, no discovery has been taken, and Defendants have not answered.

## A. Events After the First Amended Complaint

The following events occurred after the First Amended Complaint was filed, and each is pleaded in the SAC:

(a) On June 5, 2026, the Superior Court of Fulton County reversed the affirmance of the City's October 15, 2025 Notice of Zoning Violations, holding that the City lacked sufficient evidence to support its decision. SAC ¶ 113.

(b) On June 12, 2026, the Superior Court vacated the City's December 17, 2025 denial of Plaintiffs' accommodation request for lack of adequate

notice or a hearing and remanded for reconsideration in compliance with O.C.G.A. § 36-66-4. SAC ¶ 114.

(c) On August 17, 2026, the City Council held a public hearing on remand, at which Plaintiffs presented clinical, expert, and documentary evidence; City staff acknowledged that no City department had evaluated the request; and the Council continued the matter to a second hearing. SAC ¶¶ 115–46.

(d) On October 5, 2026, the City Council held a second hearing and denied the request, and the City issued a written denial dated the same day. SAC ¶¶ 147–76.

(e) In June 2026, the City's Mayor publicly addressed allegations that City code enforcement had been used to harass a local business. SAC ¶¶ 107–08.

## B. Additional Allegations Concerning Earlier Events

The SAC also adds or refines allegations about events that occurred before this action was filed. Plaintiffs identify them here so that the Court and Defendants can evaluate them separately from the supplemental allegations:

(a) the operation of the Group Home density cap and spacing rule, which permit no more than three group homes for persons with any disability

in the entire City, and the categorical exclusion of group homes from the R-2 and R-3 districts, SAC ¶¶ 35, 41–44;

(b) the categorical terms of the October 15, 2025 Notice of Zoning Violations, which declared the use prohibited regardless of the number of residents and ineligible for approval "in any form," SAC ¶¶ 62–64;

(c) the relationship between that Notice and the City's January 2, 2026 response to Plaintiffs' modified accommodation request, SAC ¶¶ 95–98;

(d) the involvement of Mayor Broom and Defendant McKenzie in directing code enforcement against the Property, including Defendant McKenzie's October 2, 2025 message to concerned residents, SAC ¶ 106;

(e) a short statement of the nature of the action, a chronological reorganization of the facts already pleaded under topical headings, and conforming allegations in Counts I, IV, V, and VI, SAC ¶¶ 1–3, 197–99, 234, 239, 257; and

(f) corrections of citation, date, and typographical errors.

Each of these refined or expanded allegations elaborates a theory already pleaded in the First Amended Complaint.

## III. LEGAL STANDARD

After a party has amended once as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under *Foman v. Davis*, leave should be granted absent a reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. 371 U.S. 178, 182 (1962). The Eleventh Circuit has explained that Rule 15(a) "severely restrict[s]" a district court's discretion to deny leave to amend. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Leave should be freely granted when the underlying facts may be a proper subject of relief. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). Denial for futility is appropriate only where "the complaint as amended is still subject to dismissal." *Id.* at 1263 (internal quotation marks omitted); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Rule 15(d) separately provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," and that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

The Supreme Court has held that Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit. . ." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964).

## IV. ARGUMENT

### A. The Motion Is Timely and Is Not the Product of Undue Delay.

Most of the new allegations concern events that did not exist when the First Amended Complaint was filed or when briefing on the Motion to Dismiss closed. The Superior Court's orders issued in June 2026. The remand hearings occurred on August 17 and October 5, 2026, and the City's written denial—though dated October 5—was not transmitted to Plaintiffs until October 8, 2026. SAC ¶ 165. Plaintiffs bring this motion within weeks of that final decision denying Plaintiffs' request for a reasonable accommodation after remand by the Superior Court.

The allegations concerning earlier events, described in Part II.B, could have been pleaded sooner, and Plaintiffs do not suggest otherwise. But the question under *Foman* is whether delay is *undue*, and it is not. Those allegations add no new claims or parties; they elaborate theories the First Amended Complaint already pleads, based on the City's own ordinance and the City's own correspondence, which Defendants have had from the start. The case has not progressed beyond the pleadings. A scheduling order has not yet entered, and as such, there is not deadline for the amendment of pleadings.

### B. Plaintiffs Seek Leave in Good Faith.

Plaintiffs seek leave so that this Court may decide this case on the current record rather than on a pleading overtaken by events. The new facts arise from proceedings that Defendants themselves conducted and documented, including their own hearing minutes, agenda packets, and written decision. Nothing about the motion suggests bad faith or dilatory motive. To the contrary, pleading the October 5, 2026 decision brings before the Court the City's final action on the very accommodation request at issue.

### C. Defendants Will Suffer No Undue Prejudice.

The case remains at the pleading stage. Defendants have not answered, and although the parties filed a Joint Preliminary Report and Discovery Plan (Doc. 34), no scheduling order has been entered and no discovery has been taken. The SAC names no new parties and adds no new counts. Every new factual allegation concerns Defendants' own conduct and documents: their ordinance, their Notice, their correspondence, their hearings, their staff's statements, their votes, and their written decision. Defendants are uniquely familiar with those facts. Responding to an updated pleading at this stage is not the kind of prejudice that warrants denial of leave.

### D. The Amendment Is Not Futile.

The SAC states plausible claims. Among other things, it alleges that the City's zoning ordinance subjects group homes for persons with disabilities to restrictions—including a citywide cap that permits no more than three group homes for persons with any disability, 1,500-foot spacing, and disclosure of residents' disabilities to police and fire departments—that apply to no housing for non-disabled persons, SAC ¶¶ 35, 41–44; that the City issued a cease-and-desist notice declaring the use categorically prohibited before any disabled resident moved in, SAC ¶¶ 59–64; and that, after a state court vacated its first denial, the City again denied an accommodation in the face of unrebutted clinical evidence, after its own staff acknowledged that no department had evaluated the request, and following public opposition grounded in stereotypes about persons in recovery, SAC ¶¶ 115–76. Those allegations state claims for disparate treatment and failure to accommodate under the Fair Housing Act, 42 U.S.C. § 3604(f), and Title II of the ADA, 42 U.S.C. § 12132, among others.

Whether Defendants ultimately prevail on any count is a question for a properly framed motion directed to the SAC—not a reason to deny leave.

### E. Supplementation Under Rule 15(d) Is Appropriate.

The post-filing events arise from the same transaction that underlies the original complaint: the City's effort to prevent the use of 2041 English Lane as a

sober home and its handling of Plaintiffs' single accommodation request. The June 2026 orders, the remand hearings, and the October 5, 2026 denial are the continuation of that same controversy, not a new one. *See Griffin*, 377 U.S. at 226–27. Supplementation promotes judicial economy by allowing the Court to resolve the entire dispute in a single action rather than requiring Plaintiffs to file a second suit over the City's final decision on the same request. Rule 15(d) expressly permits supplementation "even though the original pleading is defective in stating a claim," so Defendants' pending arguments against the current pleading provide no basis to deny it.

**F. Defendants' Pending Motion to Dismiss Should Be Denied as Moot.**

An amended complaint supersedes the pleading it replaces and becomes the operative pleading. *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). Accordingly, an amended complaint renders moot a motion to dismiss the original complaint. *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 (N.D. Ga.), order clarified, 15 F. Supp. 3d 1329 (N.D. Ga. 2013) Plaintiffs therefore request that the Court deny the motion to dismiss as moot, without prejudice to Defendants' right to respond to the SAC within the time provided by Rule 15(a)(3).

Amendment also resolves the dispute over Plaintiffs' Motion for Leave to File Decisions (Doc. 30). Defendants opposed that motion on the ground that the

Superior Court orders are matters outside the pleadings (Doc. 31). The SAC pleads both orders and their holdings. SAC ¶¶ 113–14. Plaintiffs therefore request that Doc. 30 be denied as moot.

## V. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court (1) grant leave to file the SAC attached to their motion as Exhibit A; (2) allow Plaintiffs to file and serve the SAC; (3) deny Defendants' Motion to Dismiss the First Amended Complaint (Doc. 19) as moot, without prejudice; (4) deny Plaintiffs' Motion for Leave to File Decisions (Doc. 30) as moot; and (5) order that Defendants respond to the SAC within the time provided by Rule 15(a)(3).

Respectfully submitted this 26th day of October 2026.

*/s/ Ian Neubauer*
Ian Neubauer, Esq.
Georgia Bar No. 127513
650 Saddle Creek Circle
Roswell, GA 30076
ian.neubauer@dynamisrg.com
Tel. 770-633-4905

*/s/ Andrew J. Tine*
Andrew J. Tine, Esq. (MA Bar No. 633639)
(admitted *pro hac vice*)
Law Office of Andrew J. Tine
18 Maple Avenue, Suite 267
Barrington, RI 02806
atine@tinelaw.com
Tel. 401-396-9002

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel certifies that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Ian Neubauer*
Ian Neubauer, Esq.

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026 , I electronically filed the foregoing, together with all exhibits and the proposed order, with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

*/s/ Andrew J. Tine*
Andrew J. Tine, Esq.